IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAQUENTA MARCHANT, | : | |
| o/b/o A.A.H., | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of Soc. Sec., | : | No. 18-345 |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                                                                    AUGUST 7th, 2020

Taquenta Marchant challenges the decision of an Administrative Law Judge ("ALJ") denying her daughter, A.A.H., Social Security benefits. Magistrate Judge Richard A. Lloret initially recommended that Ms. Marchant be granted relief because the ALJ who presided over her hearing was not appointed consistent with the Appointments Clause of the Constitution. However, United States District Judge Robert F. Kelly held that Ms. Marchant had waived her Appointments Clause claim and referred the case to Judge Lloret for a Report and Recommendation on the merits. Judge Lloret subsequently recommended that Ms. Marchant's request for relief be denied. Ms. Marchant objects to the second Report and Recommendation, both disputing the conclusions on the merits and arguing that recent precedent from our court of appeals holds that Appointments Clause claims are not subject to issue exhaustion.

The Court will again address the issue of waiver and conclude that on the basis of the more recent appellate decision Ms. Marchant is entitled to relief. For the reasons that follow, the Court will grant Ms. Marchant's request for review and remand this matter for a new hearing and decision by a constitutionally appointed ALJ.

1

**BACKGROUND AND PROCEDURAL HISTORY**

Ms. Marchant filed a claim for supplemental security income on behalf of her daughter, A.A.H., in April 2014. After her claims were denied, she requested an administrative hearing. After a hearing was held, the presiding ALJ issued an opinion finding that A.A.H. did not have a disability. The Appeals Council denied Ms. Marchant's request for review.

Ms. Marchant then turned to the Court for relief. In part, Ms. Marchant argued that the ALJ presiding over her hearing was not appointed consistent with the Appointments Clause of the Constitution. Ms. Marchant raised this Appointments Clause argument for the first time, both at the administrative level and in this action, in her reply brief related to her request for review.

Judge Kelly referred the matter to Magistrate Judge Lloret for a Report and Recommendation. In his Report and Recommendation, Judge Lloret concluded that the presiding ALJ's appointment was indeed improper under the Appointments Clause. He also found unpersuasive the Commissioner's argument that Ms. Marchant had forfeited her Appointments Clause claim by not raising it during the administrative process, holding it would have been futile for Ms. Marchant to raise her claim before the Social Security Administration. Judge Lloret recommended that the Court grant Ms. Marchant's request for review and remand the matter to the Commissioner for further proceedings.

The Commissioner objected, arguing that Ms. Marchant's failure to raise her Appointments Clause challenge during the administrative process constituted a waiver of the claim because she had not raised a timely challenge. In a detailed and systematic analysis, Judge Kelly considered the uneven legal landscape of courts' varying approaches to exhaustion requirements as applied to Appointments Clause challenges in the social security context. Judge Kelly determined that, to be "timely," an Appointments Clause challenge must have been made during the administrative

2

process, and Ms. Marchant had failed to raise her Appointments Clause challenge before the Appeals Council. Judge Kelly declined Judge Lloret's recommendation that it would have been futile for Ms. Marchant to raise her challenge during the administrative process. Therefore, Judge Kelly concluded that Ms. Marchant had waived her Appointments Clause claim and was not entitled to a rehearing on those grounds. He returned the matter to Judge Lloret for a Report and Recommendation on the merits. Judge Lloret issued a second Report and Recommendation, recommending that Ms. Marchant's request for review be denied and the final decision of the Commissioner be affirmed.

After Judge Lloret issued his second Report and Recommendation, Ms. Marchant moved to stay the proceedings. In support of the motion, Ms. Marchant argued that a case pending in the Court of Appeals for the Third Circuit, *Cirko on behalf of Cirko v. Commissioner of Social Security*, No. 19-1772, concerned the precise Appointments Clause exhaustion issue that was the subject of Judge Lloret's first Report and Recommendation. Judge Kelly granted Ms. Marchant's unopposed motion and stayed the proceedings pending an appellate ruling in *Cirko*. While stayed, Ms. Marchant's case was transferred from Judge Kelly to this Court.

The Third Circuit Court of Appeals has since issued a ruling in *Cirko*, holding that issue exhaustion does not apply to Appointments Clause challenges. The Commissioner filed a petition for rehearing *en banc*, which the court of appeals denied, and this Court understands that Supreme Court review will not be sought. In light of these developments, the Court lifted the stay and requested that the parties file any motions or objections related to the outcome of *Cirko*. Ms. Marchant has filed objections to Judge Lloret's second Report and Recommendation and the Commissioner has filed a response. Accordingly, Ms. Marchant's objections are ripe for the Court's review.

### STANDARD OF REVIEW

When a party makes a timely and specific objection to a portion of a magistrate judge's Report and Recommendation, the district court applies a *de novo* review to the issues raised on objection. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. *Id.*

### DISCUSSION

Ms. Marchant objects to the substantive conclusions in Judge Lloret's second Report and Recommendation and argues that, in light of the holding in *Cirko*, the first Report and Recommendation was correctly decided. She requests that Judge Kelly's memorandum and order overruling the first Report and Recommendation be vacated and the case remanded for a new hearing and decision by a constitutionally appointed ALJ.

The key issue before the Court is whether the Third Circuit Court of Appeals' decision in *Cirko on behalf of Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020), entitles Ms. Marchant to relief. In evaluating whether to impose an exhaustion requirement for Appointments Clause claims, the court in *Cirko* considered "(a) the 'nature of the claim presented,' (b) the 'characteristics of the particular administrative procedure provided,' and (c) the proper 'balance between the interest of the individual in retaining prompt access to a federal judicial forum and countervailing institutional interests favoring exhaustion." 948 F.3d at 153 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992)). Our court of appeals concluded that "each of these three considerations supports the conclusion that exhaustion of Appointments Clause claims is not required in the SSA context." *Id.* Therefore, a plaintiff who fails to raise an Appointments Clause claim during administrative proceedings does not forfeit her Appointments Clause claim.

4

In sustaining the Commissioner's objections to Judge Lloret's first Report and Recommendation, Judge Kelly relied on the legal conclusion that Ms. Marchant was required to have exhausted her Appointments Clause claim during the administrative process. This conclusion is not consistent with the holding in *Cirko*.

First, the Court will vacate the earlier memorandum and order overruling Judge Lloret's first Report and Recommendation. Second, to the extent that Judge Lloret recommended in his first Report and Recommendation that the ALJ was not appointed consistent with the Appointments Clause of the Constitution, the Court approves and adopts the Report and Recommendation.[1] However, Judge Lloret also recommended that Ms. Marchant's Appointments Clause claim was not forfeited because raising the claim would have been futile. The Court modifies this determination to instead conclude that Ms. Marchant's Appointments Clause claim was not forfeited because, as held in *Cirko*, issue exhaustion is not required for Appointments Clause claims. Whether raising such a claim would have been futile is a question the Court need not address.

Because Judge Kelly originally overruled Judge Lloret's first Report and Recommendation, Judge Lloret has since issued a second Report and Recommendation addressing the merits of Ms. Marchant's claims. In her objections, Ms. Marchant raises a number of arguments regarding Judge Lloret's conclusions and recommendations. However, this second Report and Recommendation was issued on the understanding that Ms. Marchant's Appointments

---

[1]   The Commissioner did not object to Judge Lloret's conclusion that the ALJ presiding over Ms. Marchant's hearing was not appointed consistent with the Appointments Clause of the Constitution, and the Court's independent review uncovers no error in Judge Lloret's reasoning. Furthermore, the Commissioner appears to have conceded the Appointments Clause issue in light of *Cirko*. *See* Am. Status Update (Doc. No. 46) ("The Commissioner does not contend that *Cirko* does not apply to this case."); Response to Objs. (Doc. No. 50) (addressing the Appointments Clause issue only by stating, "The Commissioner incorporates by reference his Status Update (ECF No. 59 [sic]) filed May 29, 2020 regarding *Cirko, obo Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020).").

Clause claim was waived. In light of *Cirko*, Ms. Marchant's Appointments Clause claim was in fact not waived, the first Report and Recommendation was sufficient, and a second Report and Recommendation need not have been ordered. Accordingly, Judge Lloret's second Report and Recommendation is deemed moot, as are Ms. Marchant's objections to the conclusions therein.

## CONCLUSION

For the foregoing reasons, the Court will grant Ms. Marchant's request for review, reverse the decision of the Commissioner, enter judgment in favor of Ms. Marchant, and remand this matter for a new hearing and decision by a different, constitutionally appointed ALJ. An appropriate order follows.

BY THE COURT:

s/Gene E.K. Pratter
_____
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**